******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EARL THOMPSON *v.* COMMISSIONER
OF CORRECTION
(AC 37129)

Alvord, Keller and Gruendel, Js.

*Argued December 6, 2016—officially released April 4, 2017*

(Appeal from Superior Court, judicial district of
Tolland, Fuger, J.)

*Justine F. Miller*, assigned counsel, for the appellant (petitioner).

*Bruce R. Lockwood*, senior assistant state's attorney,
with whom, on the brief, were *Gail P. Hardy*, state's
attorney, *David M. Carlucci*, assistant state's attorney,
and *Leon F. Dalbec, Jr.*, former senior assistant state's
attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. Following the denial of his petition for certification to appeal, the petitioner, Earl Thompson, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion in denying him certification to appeal and improperly concluded that his trial counsel did not provide ineffective assistance. We dismiss the appeal.

The petitioner was convicted of one count of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), one count of conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-48, and one count of kidnapping in the first degree as an accessory in violation of General Statutes §§ 53a-92 (a) (2) (B) and 53a-8, for crimes committed on August 10, 2004. *State* v. *Thompson*, 128 Conn. App. 296, 298, 17 A.3d 488 (2011), cert. denied, 303 Conn. 928, 36 A.3d 241 (2012). The petitioner was sentenced to a total of forty-five years imprisonment. This court affirmed the petitioner's conviction. Id.

The petitioner subsequently filed a fourth amended petition for a writ of habeas corpus. Following a trial held on July 29, 2014, the habeas court, *Fuger, J.*, denied the petition for a writ of habeas corpus. Judge Fuger subsequently denied the petition for certification to appeal. The principal issue raised by the petitioner in this appeal is that the court erred in not finding counsel ineffective for an alleged failure to present a closing argument that the restraint or abduction of the victim was not a kidnapping, but merely incidental to his other crimes, and to properly file a motion for a judgment of acquittal as to the charge of kidnapping.

Our examination of the record on appeal and the briefs and arguments of the parties persuades us that the petitioner's appeal should be dismissed. The habeas court's decision fully addresses the arguments raised in the present appeal, and we adopt its concise and well reasoned decision as a proper statement of the relevant facts and the applicable law on the issues. *Thompson* v. *Commissioner of Correction*, 172 Conn. App. 141,     A.3d     (2014) (appendix). It serves no useful purpose for us to repeat the discussion contained therein. *Furka* v. *Commissioner of Correction*, 21 Conn. App. 298, 299, 573 A.2d 358, cert. denied, 215 Conn. 810, 576 A.2d 539 (1990).

The appeal is dismissed.